UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION, :
:
                        Plaintiff, :
:
    - against - :
: 04-CV-2505 (JG/JMA)
VICTOR JACOBOWITZ (aka Victor Jacobs), :
HERMAN JACOBOWITZ (aka Herman Jacobs), :
JACOB JACOBOWITZ (aka Jacob Jacobs), :
DAVID SHAMILZADEH, and :
IRVIN BROWN, :
:
                        Defendants. :
:
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 1 9 2009 ★
BROOKLYN OFFICE

## FINAL JUDGMENT AS TO DEFENDANT DAVID SHAMILZADEH

The plaintiff Securities and Exchange Commission having filed a Complaint and defendant David Shamilzadeh ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls required to be devised and maintained pursuant to Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), and the rules and regulations promulgated thereunder; and

(b) falsifying any book, record, or account required to be made and kept pursuant to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), and the rules and regulations promulgated thereunder

in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Rule 13b2-1, 17 C.F.R. § 240.13b2-1.

### IV.

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from, directly or indirectly:

(a) making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with any audit, review, or examination of the financial statements of an issuer required to be made pursuant to the Commission's rules and regulations or the preparation or filing of any document or report required to be filed with the Commission; or

(b) taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of an issuer that are required to be filed with the Commission if such action, if successful, could result in rendering the issuer's financial statements materially misleading

in violation of Rule 13b2-2, 17 C.F.R. § 240.13b2-2.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED THAT Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained from violating, directly or indirectly, Rule 13a-14, 17 C.F.R. § 240.13a-14, by filing or causing to be filed any annual or quarterly report on behalf of any issuer required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. §78m(a), and the rules and regulations promulgated thereunder, which contains a certification required by Rule 13a-14, 17 C.F.R. § 240.13a-14, that includes an untrue

4

statement of material fact; or fails to include, in addition to the information required to be stated in such a certification, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or fails to disclose any information required to be disclosed therein.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, by knowingly providing substantial assistance to any issuer that:

(a) fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. §78m(a), and the rules and regulations promulgated thereunder; or

(b) files with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. §78m(a), and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B), by knowingly providing substantial assistance to the issuer that:

(a) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that disgorgement, prejudgment interest, and a civil penalty under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] are appropriate in this case. However, as a result of the criminal restitution ordered against Defendant in United States v. Shamilzadeh, 04-cr-1094 (JG) (E.D.N.Y.), the Court is not ordering Defendant to pay disgorgement, prejudgment interest, and a civil penalty.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 17, 2009

                                             s/John Gleeson
                                           United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

   - against -                           04 CV 2505 (JG/JMA)

VICTOR JACOBOWITZ (aka Victor Jacobs),
HERMAN JACOBOWITZ (aka Herman Jacobs),
JACOB JACOBOWITZ (aka Jacob Jacobs),
DAVID SHAMILZADEH, and
IRVIN BROWN,                         **CONSENT OF DEFENDANT**
                                                         **DAVID SHAMILZADEH**

                Defendants.

------------------------------------------------------------x

1.    Defendant David Shamilzadeh ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment (the "Final Judgment") in the form attached hereto and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from (i) violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act", 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13a-14, 13b2-1, and 13b2-2, 17 C.F.R. §§ 240.10b-5, 240.13a-14, 240.13b2-1, and 240.13b2-2, and (ii) aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§

78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and Rules 12b-20, 13a-1, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13; and

(b) prohibits Defendant from serving as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

(c) determines that disgorgement, prejudgment interest, and a civil penalty under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] are appropriate in this case, but, as a result of the criminal restitution ordered against Defendant in United States v. Shamilzadeh, 04-cr-1094 (JG) (E.D.N.Y.), does not order Defendant to pay disgorgement, prejudgment interest, and a civil penalty.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

3

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

4

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: June 16, 2008

_____
David Shamilzadeh

On 6/16, 2008, David Shamilzadeh, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

**ALLAN I. KAHN**
Notary Public State of New York
No. 02KA6054646
Qualified in Nassau County
Term Expires February 12, 20 11

5